**Courtney THOMAS, Plaintiff–Appellant,**

v.

**Jason LANDRUM, Defendant–Appellee.**

**No. 14–2241.**

United States Court of Appeals, Seventh Circuit.

Submitted and Decided Aug. 25, 2015.*

Courtney Thomas, Kalamazoo, MI, pro se.

Jeffery Alan Waldhoff, City of Chicago Law Department, Chicago, IL, for Defendant–Appellee.

Before RICHARD D. CUDAHY, Circuit Judge MICHAEL S. KANNE, Circuit Judge DAVID F. HAMILTON, Circuit Judge.

---

\* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the

**ORDER**

Courtney Thomas was shot during an altercation with Chicago police officers. He sued the city and several officers, but all of the defendants except Officer Jason Landrum were dismissed before trial. A jury found in favor of the defendant officer, and Thomas appeals. But he has not provided us with a complete trial transcript, which leaves us nothing to review. Accordingly, we dismiss the appeal.

The following facts are presented in a light consistent with the jury's verdict. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 843 (7th Cir.2014). In 2010, Landrum and another Chicago police officer, John Kennedy, stopped a car in which Thomas was a passenger. The officers ordered Thomas out of the vehicle, but he resisted and, after a brief scuffle, Landrum shot him in the stomach. In his suit under 42 U.S.C. § 1983, Thomas claimed that Officer Landrum had used excessive force in subduing him. Thomas was represented by counsel during his trial before a federal judge and jury. The jury entered a verdict in favor of Landrum after a four-day trial.

On appeal Thomas challenges several evidentiary rulings that were made by the district court before or during the trial. After Landrum had argued in his appellee brief that Thomas's failure to procure a full trial transcript dooms his appeal, *see* Fed. R.App. P. 10(b)(2), Thomas asked the district court for the transcript at public expense. But litigants do not have an absolute right to receive a transcript of a civil proceeding at public expense. *See* 28 U.S.C. § 753(f) (allowing indigent litigants

---

briefs and record. *See* Fed. R.App. P. 34(a)(2)(C).

to receive transcript at public expense if "the trial judge or a circuit judge certifies that the appeal is not frivolous"). The district court concluded that Thomas had not satisfied his obligation to identify a substantial question for appeal, and Thomas did not renew his request for the transcript in this court or obtain the transcript using other means. Without a full trial transcript, we cannot discern the reasons for the court's evidentiary rulings or evaluate whether Thomas suffered prejudice. Thus, his failure to provide the transcript precludes our review. *See Hicks v. Avery Drei, LLC*, 654 F.3d 739, 743–44 (7th Cir. 2011); *Morisch v. United States*, 653 F.3d 522, 529–30 (7th Cir.2011); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n. 10 (7th Cir.2003).

DISMISSED.